McKinney, J.
delivered the opinion of the court.
At the time of filing this bill the complainant was a feme covert; pending the suit, and before decree in the Chancery Court, her husband died. The husband was a party defendant to the bill, and upon the fact of his death being suggested and admitted of record, the complainant proceeded to a final decree against the other defendants) without reviving the. suit against his heirs at law. And the preliminary question here is, whether, upon the whole record, the heirs of the deceased husband are necessary or proper parties.
The bill alleges, in substance, that under the will of a former husband, she became vested with a separate estate to the sole use of herself and children; with power to sell or dispose of the same, and re-vest the proceeds in other property. And that by a marriage settlement executed by her late husband, George P. Shepherd, prior to - her intermarriage with him in 1828, she was further secured in the sole and separate use and exclusive enjoyment of her said estate.
*642 She farther alleges, that in pursuance of the power conferred upon her as aforesaid, and with the proceeds of her separate property, she purchased a certain occupant claim of one hundred and ninety-five acres of land in Shelby county, and acquired a valid right to the same. That the defendants, Henry and Harrell, afterwards fraud ulently entered and procured a grant to be issued in the name of the latter, for one hundred and seven acres of the land included in the said occupant claim. This is, in substance, the equity set up in the bill.
The Chancellor, upon the proof, decreed in favor of the complainant’s right; and so far as the question, respecting the superiority of the conflicting titles to the land in controversy, is concerned, we think the decree was proper, other objections aside.
But neither the will, nor the marriage settlement referred to in the bill, is exhibited in this record ; nor is there even any legitimate evidence of the contents or import of either. And, therefore, it cannot be declared by us, in the dress in which the case is now presented, that the complainant is vested with any such sole and exclusive right as in her bill is claimed; and as is assumed in the Chancellor’s decree. By possibility, the husband may have reserved rights entitled to protection, and which may be asserted by his heirs; the latter, therefore, in this aspect of the cause, should be made parties. Upon this ground the decree will be reversed, and the cause be remanded to the Chancery Court to be further proceeded in.